IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MICHAEL R. HOWELL,  )   CASE NO. 3:11 CV 718
  )
    Plaintiff,  )   MEMORANDUM OPINION
  )
v.  )
  )
PAPA JOHNS INTERNATIONAL, et al.,  )
  )
    Defendants.  )

KATZ, J.

    This action was originally filed in the Court of Common Pleas of Lucas County, Ohio by *pro se* Plaintiff Michael R. Howell against G7 Corporation dba Papa John's International, and Papa John's International, Inc. (PJI). An Amended Complaint was filed in that court on April 6, 2011, asserting violation of federal law and, in particular, the Americans with Disabilities Act. G7 Corporation was not included in the caption of the case in the Amended Complaint, wherein Howell states he "was mistaken to make a complaint against G7 corporation which was a franchise of Papa John's International." Papa John's International Inc. removed the case to this court on April 12, 2011, as arising under federal law.

    PJI filed a Motion for Summary Judgment on April 18, 2011, on the ground that it was not Howell's employer at any time, including during the time period relevant to the allegations of the Amended Complaint. After obtaining leave to file a response to the Motion for Summary Judgment, Howell filed his Memorandum in Opposition, which is essentially identical to the Amended

Complaint. On August 11, 2011, Howell filed a Motion to Add Toledough LLC as a defendant (ECF # 11). That Motion is **granted**.

### Amended Complaint

The Amended Complaint (ECF # 1-1) alleges Howell was employed by G7, a franchisee of PJI, until April 2009. He was transferred at some point to a store location at "the corner of Airport Highway and Reynolds Rd, a status and stigma of one who had been retaliated against went with me ... ." He had questioned whether it was proper and legal to wash dishes in cold water. At the time of his separation from employment, Howell was "framed up" by a belligerent co-worker who had "cussed out a customer, the manager and the Pizza Company." It is further alleged that Toledough "canceled my workmans compensation."

### Summary Judgment

Summary judgment is appropriate when there are no issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In deciding a motion for summary judgment, the court must view the factual inferences and draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. V. Zenith Radio Corp.,* 475 U.S. 574, 587 (1886). For the reasons set forth below, PJI is entitled to summary judgment under the foregoing standard.

PJI asserts, in essence, that there is no basis for Howell to bring his claims against it because it is a franchisor who had no employment relationship with him. In particular, under *Swallows v. Barnes & Noble Book Stores, Inc*., 128 F.3d 990, 993 (6th Cir. 1997), the test for determining whether a franchisor's contractual relationship with a franchisee subjects the franchisor to employment related claims is based on the following factors: 1) the interrelation of operations, such

as common offices, record keeping, bank accounts; 2) common management, directors and boards; 3) centralized control of labor relations and personnel; and 4) common ownership and financial control.

The Affidavit of Caroline Miller Oyler, Vice President and Senior Counsel for PJI, unequivocally states that G7 and Toledough are wholly separate and distinct from PJI. PJI does not own the property on which these franchises were located, was not a party to any lease agreements for the franchisees' restaurants, and had no control over the day to day activities of these entities. PJI did not have any connection with the hiring, discipline or discharge of the franchisees' employees, nor did it maintain records of those employees. Further, PJI had no ownership interest in either franchisee, and did not share any common bank or financial accounts. Finally, to the best of Oyler's knowledge, no PJI agent, employee or representative had any communication with Howell, or with any agent, employee or representative of G7 or Toledough, concerning Howell's employment with the franchisees. (ECF # 5-2).

As already noted, Howell's Memorandum in Opposition essentially duplicated his Amended Complaint. Thus, Oyler's Affidavit is unrefuted on the record. In light of the facts set forth in that Affidavit, summary judgment is appropriate, as there is no basis for a reasonable inference that PJI was Howell's employer. *See, e.g., Bricker v. R & A Pizza*, No. 2:10-cv-278, 2011 WL 1362108 (S.D. Oh. April 8, 2011)(conclusory allegations of agency relationship between franchisor and franchisee insufficient to set forth employment relationship between franchisor and plaintiff).

### Other Claims

To the extent Howell seeks to bring claims, federal or otherwise, against defendants other than PJI, the Amended Complaint does not set forth allegations reasonably suggesting a valid basis

for such claims.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the Amended Complaint does not contain allegations indicating Howell might have a valid claim against any of the possible defendants he mentions. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or or unwarranted legal conclusions in determining whether complaint states a claim for relief).[1]

---

[1] It should be noted that a wrongful termination case filed by Howell against Toledough, LLC in the Lucas County Court of Common Pleas was recently dismissed on summary judgment. *Howell v. Toledough* LLC, Case No. CI09-5311, http://lcapps.co.lucas.oh.us/OBPublicAccess. Thus, any claims against Toledough arising out of Howell's employment are *res judicata* in any event.

## Conclusion

Accordingly, PJI's Motion for Summary Judgment is granted. Further, as there is no reasonable suggestion Plaintiff has a valid claim against any other defendants possibly sought to be named herein, this case is hereby dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE